The Honorable Jim Keet State Senator P.O. Box 23603 Little Rock, Arkansas 72221-3603
Dear Senator Keet:
This opinion is being issued in response to your recent questions regarding the legal status of electronic medical records. On behalf of Mr. Mark D. Diggs, President and CEO of Software Innovators, you have presented the following questions:
 (1) What is the legal status of a medical record that is maintained electronically, as opposed to a paper record? More specifically, do the courts recognize the validity of these records, and is this recognition the same as the courts' recognition of a manually maintained record?
 (2) What are the differences in the discoverability of electronic medical records versus a manual record?
 (3) Do the courts attach any difference in weight to an electronic record as opposed to a paper one?
RESPONSE
Question 1 — What is the legal status of a medical record that ismaintained electronically, as opposed to a paper record? Morespecifically, do the courts recognize the validity of these records, andis this recognition the same as the courts' recognition of a manuallymaintained record?
Electronically-maintained medical records have the same legal status as manually-maintained medical records, whether they are original records, or are copies of records. That is, all other factors being equal, the law requires courts to give original electronic records the same recognition that they give to original paper records, and to give the same recognition to electronic copies of records that they give to paper copies of records.
I base this conclusion on two sources of law. The first such source is the Arkansas Rules of Evidence and the Federal Rules of Evidence. Both the Arkansas and the Federal Rules of Evidence address the admissibility of the contents of "writings, recordings, and photographs." The terms "writings," "recordings," and "photographs," as defined in Rule 1001 of both the Arkansas and the Federal Rules of Evidence, include various items that could encompass electronic "medical records." More specifically, Rule 1001 states the following definitions:
For purposes of this Article the following definitions are applicable:
 (1) Writings and recordings. "Writings" and "recordings" consist of letters, words, sounds, or numbers, or their equivalent, set down by handwriting, typewriting, printing, Photostatting, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation.
 (2) Photographs. "Photographs" include still photographs, x-ray films, video tapes, and motion pictures.
Rule 1001, Arkansas Rules of Evidence. (This definition is essentially identical to the definition that is stated in Rule 1001 of the Federal Rules of Evidence.) After stating these definitions, the rules then go on to state the standards for admissibility, as applied to original records and to duplicate records. The same standard of admissibility applies to all original "writings, recordings, and photographs," regardless of the form in which they are maintained. Similarly, the same standard of admissibility applies to all duplicates, without regard to their format. The Rules of Evidence simply make no difference in the standards of admissibility based upon the form of the record.
The second source of law upon which I have based my conclusion is Arkansas' version of the Uniform Photographic Copies of Business and Public Records as Evidence Act, which is codified at A.C.A. §16-46-101 et seq. That law states in pertinent part:
 (b)(1) If any business, institution, member of a profession or calling, or any department or agency of government, in the regular course of business or activity has kept or recorded any memorandum, writing, entry, print, representation, or combination thereof, of any act, transaction, occurrence, or event, and in the regular course of business has caused any or all of the same to be recorded, copied, or reproduced by any photographic, photostatic, microfilm, microcard, miniature photographic, optical disk, electronic imaging, or other process which accurately reproduces or forms a durable medium for so reproducing the original, the original may be destroyed in the regular course of business unless its preservation is required by law.
 (2) The reproduction, when satisfactorily identified, is as admissible in evidence as the original itself in any judicial or administrative proceeding whether the original is in existence or not.
 (3) An enlargement or facsimile of the reproduction is likewise admissible in evidence if the original reproduction is in existence and available for inspection under direction of the court.
A.C.A. § 16-46-101(b)(1)(2)(3). See also A.C.A. § 16-46-108.
One of the primary purposes of the Uniform Photographic Copies of Business and Public Records as Evidence Act was to provide a means of allowing professional, business, and government officials to avail themselves of the convenience of the various methods of electronically or photographically recording documents, and yet not to run afoul of the "best evidence rule" (Rule 1002 of the Arkansas and Federal Rules of Evidence), which requires the introduction of original documents in evidentiary proceedings. See Commentary, Uniform Photographic Copies of Business and Public Records As Evidence Act, Prefatory Note (A.C.A. Commentaries at 857 -58 [Michie, 1989]); Act 64 — Photographic Copies ofBusiness and Public Records As Evidence, 7 Ark. L.R. 332 (1953). The law's aim, therefore, was to provide a means by which electronic and photographic copies of documents having the same level of accuracy and reliability as the originals could be used as evidence. In this regard, it is significant that the Act allows for the destruction of original records and for their replacement with electronic duplicates. If electronic copies of paper records are deemed to be reliable enough to replace paper originals for purposes of admissibility, it necessarily follows that original electronic records are equally reliable, and therefore admissible to the same extent as the same record would be if it were maintained in paper form.
Question 2 — What are the differences in the discoverability ofelectronic medical records versus manual records?
Electronic medical records are discoverable to the same extent as paper medical records.
Rule 34 of the Arkansas Rules of Civil Procedure describes the scope of discoverable documents as follows:
 (a) Scope. Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served.
Rule 34, Arkansas Rules of Civil Procedure (emphasis added). (This statement of scope is essentially identical to the statement of scope that is set forth in Rule 34 of the Federal Rules of Civil Procedure.) The phrase "other data compilations" clearly could encompass electronically-maintained records.
The discoverability of electronic medical records in cases where a party's medical condition is in issue is addressed even more specifically in Rule 35 of the Arkansas Rules of Civil Procedure. That rule defines the phrase "medical records" as follows: "[A]ny writing, document orelectronically stored information pertaining to or created as a result of treatment, diagnosis or examination of a patient." Rule 35, Ark. Rules of Civil Procedure (emphasis added). As to the discoverability of such records, the rule states:
 (c) Medical Records. Where a party relies upon his physical, mental or emotional condition as an element of his claim or defense he shall, upon the request of any other party, execute an authorization to allow such other party to obtain copies of his medical records; provided, however, a party shall not be required, by order of court or otherwise, to authorize any communication with his physician or psychotherapist other than (1) the furnishing of medical records, and (2) communications in the context of formal discovery procedures.
Rule 35, Arkansas Rules of Civil Procedure.
Upon the basis of the foregoing authorities, I conclude that medical records are discoverable to the same extent as paper records.
Question 3 — Do the courts attach any difference in weight to anelectronic record as opposed to a paper one?
I presume that you are actually asking whether a court will attach any difference in weight to an electronic record than it would attach to thesame record if the record were in paper form. That is, will a court treat the record differently simply because the record is electronic? Assuming that the electronic record was kept in the regular course of business and assuming that all other factors are equal, it is my opinion, for the reasons stated in response to Question 1, that the law requires courts not to attach any difference in weight to an electronic record than they would attach to the same record if the record were in paper form. That is, in my opinion, the law requires courts not to treat an electronic record differently simply because it is electronic.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Of course, if the electronic record is a duplicate of a paper record, yet was not kept in the regular course of business and is otherwise unreliable, a court will not accord it the same weight as the paper original. See A.C.A. § 16-46-101.